## Commonwealth v. Philp

*A. B. Coppolo*, District Attorney, for the Commonwealth.

*John H. Cartwright*, for defendant.

TRAMBLEY, P. J., December 20, 1957.—This case is before the court on an appeal from a judgment from a

justice of the peace. Defendant was charged with depositing rubbish, trash and garbage on State game lands number 44, contrary to section 940 (Commission Rules and Regulations) of the Game Law.

The act under which this charge was made is more particularly The Game Law of June 3, 1937, P. L. 1225, art. IX, sec. 940, 34 PS §1311.940. The act empowers the Game Commission to formulate, adopt, post and enforce such rules and regulations for the management and government of lands acquired for its use or under its control by lease or agreement, or for refuges, as it may deem necessary or advisable for their proper use and administration, or as may be established pursuant to agreement with the Department of Forests and Waters, the Board of Fish Commission or any Federal authority, or with lessors.

This act further provides that such rules and regulations shall be the law of this Commonwealth relative to such lands or refuges or game farms or game propagation areas or special reserves and it is unlawful for any person to violate any of the rules and regulations so adopted by the commission and that a violation of any of the provisions of such rules and regulations would subject the offender to the penalty prescribed in the act.

The facts in the case are that the Borough of Ridgway maintained a garbage receiving station a short distance from the borough until August 19, 1957, on lands of and by agreement with the Pennsylvania Game Commission. The commission alleges that this site was cleaned on August 20, or 21, 1957, by employes of the Game Commission and that on September 3, 1957, some packages of rubbish were found at the site and among them was a piece of wrapping paper bearing the name of defendant against whom this charge was made.

Defendant admits that he took this wrapping paper

to the dump but states that he took it there on August 17, 1957, two days before the site was abandoned by the Borough of Ridgway, when it was still legal to leave rubbish there, that there was a truck there which he took to be the regular borough truck, there for the purpose of receiving rubbish, that he handed his rubbish to the man in charge of the truck who took it without remark or objection. Defendant did not know this man nor did he make any inquiries of him. He did not notice the truck particularly, except that it was a gray truck. He was a native of Scotland, had only been in this country six months and, therefore, was not well acquainted in Ridgway, where he lived.

At the hearing in this case, the attorney for defendant raised the question of the constitutionality of section 940 of the Game Law above cited. Defendant claims that this section is an unconstitutional delegation of the legislative power to the Pennsylvania Game Commission and is, therefore, contrary to article II, sec. 1, of the Constitution of Pennsylvania.

We do not think this position is tenable. Article II, sec. 1, of the Constitution of Pennsylvania provides as follows: "The legislative power of this Commonwealth shall be vested in a General Assembly which shall consist of a Senate and a House of Representatives."

It is difficult to define the line which separates legislative powers to make laws from administrative authority to make regulations: 11 Am. Jur. p. 956, §240 n. 1; United States v. Grimand, 220 U. S. 506. The legislature may not, however, delegate to administrative officers determination of what the law shall be or what acts are necessary to effectuate the law: 11 Am. Jur., p. 955, §240 n. 14. As in the case of other executive officers administrative boards may be given the power to perfect the details of a plan, the general outlines of which have been laid down in a statute of the legislature: 11 Am. Jur., p. 961, §242 n. 17.

The commission does not make any law. It merely finds the existence of certain facts, and to the findings of fact the law enacted by the legislature is applied and enforced: 11 Am. Jur. p. 960, §242, n. 16.

There are no constitutional objections arising out of the doctrine of the separation of the powers of government to the creation of administrative boards empowered within certain limits to adopt rules and regulations and authorized to see that the legislative will, expressed in stautory form, is carried out by the persons or corporations over whom such boards may be given administrative power. Boards and commissions of this character do not exercise any of the powers delegated to the legislature. They do not make any laws. They merely find the existence of certain facts, and to these findings of fact the law enacted by the legislature is applied and enforced: 11 Am. Jur. p. 960, §242, n. 16.

As in the case of other executive officers, administrative boards may be given the power to perfect the details of a plan the general outlines of which have been laid down in a statute of the legislature: 11 Am. Jur. p. 960, §242, n. 17.

The general principle governing the conditions under which the power to make rules and regulations may be delegated has been stated as follows: "A legislature, in enacting a law complete in itself and designed to accomplish the regulation of particular matters falling within its jurisdiction, may expressly authorize an administrative commission, within definite valid limits, to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose": 11 Am. Jur. p. 955, §240, n. 18.

In Commonwealth v. Koneff, 22 D. & C. 515, 516, it is stated: " 'The rule is now established that the legislature may authorize an officer to make rules and regulations for the purpose of carrying out the objects of

the statute, and may make a violation of these rules a criminal offense, punishable in a manner prescribed by existing law'."

In the same case it is stated: " 'While the legislature cannot delegate to a board or to an executive officer the power to declare what acts shall constitute a criminal offense, it is competent for it to authorize a commission to prescribe duties on which the law may operate in imposing a penalty and in effectuating the purpose designed in enacting the law. In a case where the statute itself prescribes punishment for violation of a regulation of a board or commission, it cannot be said that it is unconstitutional on the theory that legislative power to create crimes is delegated to such body'."

In view of these decisions we are of the opinion that section 940 of this act under which this defendant is charged is not unconstitutional.

### Findings of Fact

The Borough of Ridgway maintained a garbage receiving station a short distance from the borough until August 19, 1957, on lands of the Pennsylvania Game Commission. The commission alleges the site was cleaned on August 20 or 21, 1957, by employes of the Game Commission and that on September 3, 1957, some packages of rubbish were found at the site and among them was a piece of wrapping paper bearing the name of the defendant against whom this charge was then made.

Defendant admits that he took this wrapping paper to the dump but states that he took it there on August 17, 1957, two days before the site was abandoned by the Borough of Ridgway and when it was still legal to leave rubbish there, that there was a truck which he took to be a regular borough truck there for the purpose of receiving rubbish, that he handed the rubbish

to the man in charge of the truck, who took it without remark or objection. Defendant did not know this man nor did he make any inquiries, he did not notice the truck particularly, except that it was a gray truck.

He was a native of Scotland, had only been in this country six months and was not well acquainted in Ridgway, where he lived.

This is a criminal case and the court must be convinced of defendant's guilt beyond a reasonable doubt before it can convict. We do not believe that the Commonwealth has met this burden. There is no contradiction of defendant's testimony except such as may be inferred from the alleged finding of the rubbish at the site after it had been abandoned. Defendant says he last saw it when he gave it to the driver of what he took to be a borough truck at the site of the dump on August 17, 1957, when it was legal to do so.

There is no contradiction of this testimony. There is nothing to show what happened to the rubbish between August 19, 1957, and September 3, 1957, except that Commonwealth alleges that it was not there on certain dates within that span of time. How it got there is not shown. This court does not believe, in view of defendant's positive testimony, that it can be inferred beyond a reasonable doubt from the mere circumstance of the finding of rubbish there on September 3, 1957, that defendant placed it there after August 19, 1957. The burden of proof rests with the Commonwealth. There was other evidence it could have produced either to bolster its case or rebut or contradict defendant's evidence, but this was not done.

The court, therefore, makes the following

### Order

Now, December 20, 1957, defendant's appeal is sustained, defendant is found not guilty. The Pennsylvania Game Commission to pay the costs.